# EXHIBIT A

Filing # 115851463 E-Filed 10/29/2020 03:49:04 PM
Case 0:20-cv-62482-AHS Document 1-1 Entered on FLSD Docket 11/30/2020 Page 2 of 8
Case Number: CACE-20-018084 Division: 04

11/10/2020
9:30 AM
1571
DS

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: CACE 20-018084

**SAMUEL PACHECO,**

    **Plaintiff,**

v.

**FEDEX FREIGHT INC,**

    **Defendant.**

_____/

## SUMMONS IN A CIVIL CASE

**TO FEDEX FREIGHT INC,** through its Registered Agent:

    CT CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND RD.
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    RAINIER REGUEIRO, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    COMEAU BUILDING
    319 CLEMATIS STREET
    SUITE 606
    WEST PALM BEACH, FL. 33401

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                             DATE      OCT 30 2020

(BY) DEPUTY CLERK

**BRENDA D. FORMAN**

*** FILED: BROWARD COUNTY, FL. BRENDA D. FORMAN, CLERK 10/29/2020 03:49:02 PM ****

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:

SAMUEL PACHECO,

    Plaintiff,

v.

FEDEX FREIGHT INC,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, SAMUEL PACHECO ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, FEDEX FREIGHT INC ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000 excluding attorneys' fees or costs resulting from Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, FEDEX FREIGHT INC, is a Florida Profit Corporation, conducting business in Broward County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Broward County because all of the actions that form the basis of this Complaint occurred within Broward County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff began working for Defendant in March of 2018.

8. Plaintiff worked as an Operation Supervisor. His duties included scheduling employees, shipping items, and filling out reports after the shift.

9. Plaintiff worked at least 50 hours a week.

10. Plaintiff was paid a salary of $2,100 on the 15th of every month. This was paid through direct deposit.

11. He was not paid any overtime and did not get a lunch break.

12. Plaintiff did not clock in and out – his hours were recorded when he scanned his badge to get in and out of the facility.

13. Plaintiff was terminated from his employment with Defendant on or about September 18, 2019.

## COUNT I
*FLSA Violation for Unpaid Overtime*

14. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

15. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

16. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

17. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

18. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

19. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

20. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *FLSA Retaliation*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 13 of this complaint as if set out in full herein.

22. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

23. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

24. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaints regarding unpaid wages.

25. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: October 29, 2020                              Respectfully submitted,

/s/Rainier Regueiro
Rainier Regueiro, Esq.
Florida Bar No.: 115578
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street
Suite 2200
Miami, FL 33130
Tel. (305) 416-5000
Fax: (305) 416-5005